IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GLADYS CARRIÓN**<br><br>PLAINTIFFS<br><br>V.<br><br>**MAPFRE PRAICO INSURANCE COMPANY; SUPER ASPHALT PAVEMENT CORPORATION; INSURERS 1-10; UNKNOWN DEFENDANTS 1-10**<br><br>DEFENDANTS | CIVIL NO.:<br><br>PLAINTIFF DEMANDS TRIAL BY JURY<br><br>TORTS - DIVERSITY |

## *COMPLAINT*

**TO THE HONORABLE COURT**:

Come now Plaintiffs, by and through her undersigned attorneys, whom respectfully states, alleges, and requests as follows:

**I.   NATURE OF ACTION**

1.1   This is an action brought under the laws of the Commonwealth of Puerto Rico, seeking compensatory damages for the emotional injuries suffered by Plaintiff **GLADYS CARRIÓN**, as a result of a car collision where he was the victim of negligent misconduct of Defendants.

**II.   JURISDICTION AND VENUE**

2.1   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, inasmuch as the claims involve citizens that are residents and are domiciled in different States of the United States of America and the damages suffered by Plaintiff exceed the amount of $75,000.00, excluding costs and interests.

1

2.2     Venue is proper in the instant case as all claims arise from events that occurred within the jurisdiction of this Court in the Commonwealth of Puerto Rico.

2.3     The plaintiff demands that all issues of material fact be tried by jury.

## III. TOLLING OF THE STATUTE OF LIMITATIONS

3.1     **GLADYS CARRIÓN** tolled the applicable statutes of limitations by filing extra-judicial claims on about October 10, 2023; September 30, 2024 and August 18, 2025 with each Defendant, thereby tolling the one-year statute of limitations.

## IV. PARTIES TO THE ACTION

4.1     Plaintiff **GLADYS CARRIÓN** ("**GLADYS**" or "**Plaintiff**") is of legal age, married, resident of the State of Pennsylvania and the injured party to this case due to Defendant's negligence and misconduct.

4.2     Defendant **MAPFRE PRAICO INSURANCE COMPANY** ("**MAPFRE**") is an entity incorporated in and with its principal place of business in San Juan, Puerto Rico, who issued an insurance policy in favor of **SUPER ASPHALT PAVEMENT CORPORATION** that covers the vehicle that caused the accident object of this complaint, the negligence of its employees, as well as Defendants general liability.

4.3     Defendant **SUPER ASPHALT PAVEMENT CORPORATION** ("**SUPER ASPHALT**") is an entity incorporated in and with its principal place of business in Guaynabo, Puerto Rico. As the registered owner of the vehicle that caused the accident object of this complaint and the employer of **ÁNGEL LUGO SILVA**, Defendant **SUPER ASPHALT** is directly liable to Plaintiff and vicariously liable to Plaintiff.

## V. FACTS COMMON TO ALL CAUSES OF ACTION

5.1     Plaintiff **GLADYS CARRIÓN** is of legal age, employed and married. She resides

in Huntingdon Valley, Pennsylvania, and sustained injuries due to Defendant's insured negligence and misconduct.

5.2     On May 9, 2023, as **GLADYS** was traveling westbound on State Road #17, within the jurisdiction of San Juan, Puerto Rico, in a Lexus motor vehicle, LS430 model, year 2003, license plate FCP-179, when suddenly her vehicle was hit from the rear ("rear-end collision").

5.3     The vehicle causing the accident was a Ford, Ranger model, year 2010, license plate 867-294, who at the time of the accident was being driven by **ÁNGEL LUGO SILVA** and was owned by **SUPER ASPHALT**.

5.4     As a result of the rear-end collision, **GLADYS** suffered multiple bodily injuries that required emergency medical services and subsequent extensive medical care.

5.5     Thereafter, **GLADYS** had to undergo back surgery and pain management through therapies, medication, treatment, rest days and the like.

5.6     **GLADYS** has also suffered damage to her soft tissues as well as considerable physical pain and emotional anguish/distress.

5.7     Moreover, **GLADYS** has incurred substantive expenses for her medical care and will incur them in the future.

5.8     **GLADYS** has been left with partial permanent physical impairment that will affect her daily living for the rest of her life.

5.9     Said accident was due solely and exclusively to the negligence of **ÁNGEL LUGO SILVA**, who did not keep the distance required by law, drove at a speed in excess of that allowed for the area and present conditions, did not take the necessary precautions to avoid an accident and was driving in violation of the Puerto Rico Transit Law, for which he is liable to Plaintiff for the damages suffered.

5.10    **SUPER ASPHALT** as the registered owner of the motor vehicle that caused the accident is directly liable to Plaintiff and vicariously for the negligent acts of its employee **ÁNGEL LUGO SILVA**.

5.11    **MAPFRE** issued an insurance policy in favor of **SUPER ASPHALT** that covers the vehicle driven by **ÁNGEL LUGO SILVA** and any damages caused to third parties with the same, as well as its insured's general liability, under whose express terms it is jointly and severally liable with all other defendants to **GLADYS** for the damages suffered. As such, **MAPFRE** must compensate **GLADYS** for her damages.

5.12.   **INSURERS 1-10** are the unknown defendants that issued an insurance policy on behalf of any Defendants that covers the vehicle that rear-ended **GLADYS'** unit and/or that covers Defendants general liability, and as such, are liable to **GLADYS** for the damages suffered.

5.13    **UNKNOWN DEFENDANTS 1-10** are the unknown defendants liable to **GLADYS** for their negligence in the occurrence of the accident which ultimately is the direct or contributory cause of the accident or for having the obligation to pay any compensation that **GLADYS** is entitled to.

VI.    **FIRST CAUSE OF ACTION**

6.1    The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

6.2    As a direct result of the above-stated negligent acts and/or omissions of Defendants, **GLADYS** suffered shock and trauma to her body, including her muscular, skeletal and nervous systems; and she sustained upper and lower body injuries, which will require additional medical care in the near future.

6.3    As a direct consequence of the severe shock and trauma **GLADYS** sustained, she suffered and continues to suffer from persistent and excruciating physical pains, aches and neurological deficits. Moreover, these injuries have caused her to suffer from severe loss or limitations of movement and permanent partial disabilities; and, to undergo organic, functional, physiological and neurological changes of a premature, degenerative and progressive nature. All of these injuries have also substantially limited his capacity to perform activities common for people of her age and sex, as well as her ability to participate and/or attend customary social and recreational activities and entertainment functions with her family and friends.

6.4    For these physical pains, injuries and disabilities, **GLADYS** is entitled to receive and hereby demands just and fair compensation from **MAPFRE** for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## VII.   SECOND CAUSE OF ACTION

7.1    The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

7.2    As a direct consequence of the above-stated negligent acts and/or omissions of and the resulting physical pains, injuries and disabilities sustained by **GLADYS**, she suffered, is suffering and will continue to suffer from permanent and severe mental anguish and emotional distress.

7.3    As a further direct consequence of the foregoing, **GLADYS** sustained a loss of happiness and the capacity to enjoy life, and an inability to maintain normal social and familial relationships.

7.4    For these mental and emotional damages, **GLADYS** is entitled to receive and demands just and fair compensation from **MAPFRE** for a reasonable amount of not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## VIII.   THIRD CAUSE OF ACTION

8.1    The preceding paragraphs are literally incorporated herein and are made part of this paragraph as if fully set forth herein.

8.2    As a result of the accident, **GLADYS** has incurred, and will have to incur in future medical treatment, significant expenses in an amount of no less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**.

## IX.   FOURTH CAUSE OF ACTION

9.1    The paragraphs stated hereinbefore are literally incorporated herein and are made part of this paragraph.

9.2    Given the foregoing, **ÁNGEL LUGO SILVA's** reckless conduct shows a serious disregard for the safety of **GLADYS** as well as every other citizen that was driving around the area of the collision. This led to the severe physical injuries and limitations complained of herein, drastically impacting **GLADYS** with their tortious conduct. Pursuant to Article 1538 of the Puerto Rico Civil Code, **GLADYS** is entitled to the imposition of additional compensation.

## X.   PREJUDGEMENT INTEREST, ATTORNEY FEES AND COSTS

11.1    The Plaintiff reproduces and reaffirms as if alleged herein each and every one of the preceding allegations, pursuant to Rule 10(c) of the Federal Rules of Civil Procedure.

11.2    In the event **MAPFRE** denies **ÁNGEL LUGO SILVA's** negligence, the damages suffered by **GLADYS**, its insurance policy covering the present claim or answers such pleadings in an evasive manner, by assuming such reckless conduct **GLADYS** is entitled to pre and post

judgment interest to be computed on the amounts recovered through this complaint, as well as costs, expenses and a reasonable amount of attorney's fees, as permitted by law.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 8th of October, 2025.



**FOR PLAINTIFF**
400 Calle Calaf
PMB 165
San Juan, Puerto Rico 00918-1314
Telephone     787-761-1067
              787-761-1310
Fax           787-330-0015

f/ Jorge R. Quintana-Lajara
_____
Lcdo. Jorge R. Quintana Lajara
USDC 219203
Email: jorge@quintanasuarez.com
Direct 787-309-7531