# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

GLADYS CARRION,

Plaintiff,

v.

MAPFRE INSURANCE COMPANY, *et al*,

Defendants.

CASE NO.  25-1535 (HRV)

## OPINION AND ORDER

Pending before the Court is defendant MAPFRE Insurance Company's (hereinafter "MAPFRE") motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). (Docket No. 12). In its motion, MAPFRE argues that this Court lacks subject-matter jurisdiction because Plaintiff Gladys Carrión (hereinafter "Carrión" or "Plaintiff") failed to comply with the provisions of the Motor Vehicle Accident Social Protection Act, Law No. 111-2020[1]. The motion also urges the Court to dismiss the complaint based on improper venue and failure to comply with the legal provisions regarding diversity and

---

[1] Law 111-2020 has not been officially translated and neither Plaintiff nor Defendant has provided a certified translation of Law 111-2020. As such, any reference or citation to the statute throughout this Opinion and Order is by translation of the Court.

1

jurisdiction. (Docket No. 12). Plaintiff has filed her response in opposition. (Docket No. 20). For the reasons set forth below, and after careful consideration of the arguments of the parties as well as the relevant statutory provisions, the motion to dismiss is DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complaint avers that on May 9, 2023, Carrión was traveling on State Road #17 in San Juan, Puerto Rico, in her motor vehicle, when a Ford Ranger hit her car from the rear. (Docket No. 3, ¶5.2). At the time of the accident, the Ford Ranger was driven by Angel Lugo Silva and the vehicle was owned by Super Asphalt Pavement Corporation ("Super Asphalt"). (*Id.*, ¶5.3). Plaintiff never filed any claims for benefits before the Automobile Accident Compensation Administration (hereinafter "ACAA" for its Spanish acronym). (Docket No. 20-2).

On October 10, 2025, Plaintiff filed suit against Super Asphalt and MAPFRE, as its insurer, requesting compensation for the alleged damages caused as a result of the collision pursuant to Article 1536 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 10801. (Docket No. 3). The complaint asserts subject matter jurisdiction under 28 U.S.C. § 1332(a), inasmuch as Plaintiff is domiciled in the state of Pennsylvania and the damages suffered are alleged to exceed the threshold amount of $75,000. (Docket No. 3, ¶2.1). On December 18, 2025, MAPFRE answered the complaint. (Docket No. 8).

On March 11, 2026, then-presiding District Judge Silvia L. Carreño-Coll transferred the case to me after the parties stated their consent to magistrate judge jurisdiction in the Initial Scheduling Conference Memorandum. (Docket Nos. 13, 14, and 15). MAPFRE filed its motion to dismiss on March 9, 2026 (Docket No. 12) and Plaintiff

opposed on April 22, 2026. (Docket No. 20). No appearance has yet been entered on behalf of Super Asphalt.

## II. LEGAL STANDARDS

Federal courts are "courts of limited jurisdiction" and "[t]hey possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Services Inc.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). "Article III, § 2, of the Constitution delineates '[t]he character of the controversies over which federal judicial authority may extend.'" *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)). District courts have original jurisdiction in federal-question cases, where actions arise under the Constitution, laws, and treaties of the United States, and in diversity cases, where the matters in controversy between citizens of different states exceeds $75,000 in sum or value. 28 U.S.C. §§ 1331 and 1332(a). Subject-matter jurisdiction is nonwaivable and serves to keep district courts within the limitations prescribed by the Constitution and the law. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). In contrast to personal jurisdiction, where a party must insist that the jurisdictional limitation be observed or forgo that right, subject-matter jurisdiction "must be policed by the courts on their own initiative even at the highest level." *Id.* at 583-584.

That the Court must be vigilant of its own jurisdiction, raising defects *sua sponte* if necessary, does not impede parties from also challenging a court's exercise of its authority to hear a case. Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a

3

party may, in response to an initial pleading, file a motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) provides "a large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," such as "ripeness, mootness, sovereign immunity, and the existence of federal question jurisdiction." *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 362-363 (1st Cir. 2001).

Rule 12(b)(1) motions may be appropriate when a claimant has failed to exhaust administrative procedures established by statute as prerequisite for filing suit. Wright & Miller's Fed. Prac. & Proc. Civ. § 1350 (4th ed.). Exhaustion requirements serve the purpose of preventing "premature interruption of the administrative process," especially in circumstances where "agency decisions are frequently of a discretionary nature or frequently require expertise." *McKart v. U.S.*, 395 U.S. 185, 193-194 (1969). *See also Achieve Telecom Network of MA, LLC v. Universal Serv. Admin. Co.,* No. 09-10315-RWZ, 2009 WL 10694438 at *3 (D. Mass. Oct. 29, 2009). When courts evaluate whether exhaustion procedures are mandatory before exercising its jurisdiction, legislative intent is of "paramount importance." *Patsy v. Board of Regents of State of Fla.*, 457 U.S. 496, 501 (1982). For instance, "[i]n determining whether exhaustion of federal administrative remedies is required, courts generally focus on the role Congress has assigned to the relevant federal agency, and tailor the exhaustion rule to fit the particular administrative scheme created by Congress." *Id.* at 502 n.4 (citing *McKart*, 385 U.S. at 193-195).

Finally, the legal standard for a Rule 12(b)(1) motion is similar to that under Rule 12(b)(6) inasmuch the allegations in the complaint should be liberally construed, and all well-pleaded facts contained therein should be treated as true, affording the asserting

party with "the benefit of all reasonable inferences." *Soto v. Puerto Rico*, 24-cv-1405 (GMM), 2025 U.S. Dist. LEXIS 196715, 2025 WL 2806762 at \*6 (D.P.R. Sept. 30, 2025) (citing *Murphy*, 45 F.3d at 522); *Arroyo-Ruiz v. Triple-S Management Group*, 206 F. Supp. 3d 701, 706 (D.P.R. 2016). The burden to prove that the court has subject-matter jurisdiction rests on the party asserting it. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Murphy v. U.S.*, 45 F.3d 520, 522 (1st Cir. 1995); *Dalmau Rodriguez v. Hughes Aircraft Co.*, 781 F.2d 9, 10 (1st Cir. 1986). When faced with a Rule 12(b)(1) motion, "court[s] may consider documents outside the pleadings, such as exhibits and affidavits attached to the motion to dismiss, and the opposition." *Mercado Arocho v. U.S.*, 455 F. Supp. 2d 15 (D.P.R. 2006) (citing *Gonzalez v. U.S.*, 284 F.3d 281, 288 (1st Cir. 2002)).

### III. DISCUSSION

In its motion to dismiss, MAPFRE argues that this Court lacks subject-matter jurisdiction because Plaintiff failed to comply with the provisions of Law No. 111-2020. Specifically, MAPFRE contends that Law No. 111-2020 "expressly prevent an injured party from filing a claim before the term that the agency has to subrogate itself expires." (Docket No. 12). MAPFRE further claims that Plaintiff must have presented an administrative claim before the ACAA and waited until the agency's determination regarding benefits became final and enforceable, in order to clear the way for a judicial claim before this Court. MAPFRE's interpretation of the statute is grounded on the specific provisions conveying ACAA's subrogation rights: Because "ACAA cannot renounce its rights in advance", the injured person *must* file its claim in order for ACAA to pay, to allow ACAA to subrogate itself in the injured person's position, and request

5

reimbursement from the insurer. (Docket No. 12). Thus, in construing MAPFRE's arguments as alluding to the doctrinal framework pertaining to lack of subject-matter jurisdiction for failure to exhaust administrative remedies, I must decide whether Law No. 111-2020 imposes such exhaustion requirement.

Plaintiff opposes the request for dismissal, arguing that the statutory scheme under Law No. 111-2020 affirmatively contradicts MAPFRE's argument that dismissal for lack of jurisdiction is required for failure to comply with ACAA by seeking benefits under it as a prerequisite to filing suit in federal court. (Docket No. 20). In support of its opposition, Plaintiff submits documentation to prove that a claim before ACAA was never filed and that the statutory benefits were unavailable to her since the medical treatment at issue was performed outside Puerto Rico. (Docket Nos. 20-1 and 20-2). Furthermore, Plaintiff also attaches her government-issued identification card in support of her claim for diversity jurisdiction. (Docket No. 20-3). As to the argument of improper venue, Plaintiff points out that MAPFRE invokes Fed. R. Civ. P. 12(b)(3) but offers no analysis under the federal venue statute as to why dismissal is warranted.

### A.    Law No. 111-2020

The Puerto Rico Motor Vehicle Accident Social Protection Act (Law No. 111-2020) establishes a no-fault compensation system, designed to provide certain economic benefits and medical coverage to individuals injured in motor vehicle accidents in Puerto Rico, regardless of fault. Such statutory benefits are issued and administered through the ACAA, an entity itself created through Law No. 111-2020. Under this compensation system, the primary beneficiary of the statutory scheme is the injured person.

6

Law No. 111-2020 derogates and supersedes what was previously the Automobile Accident Social Protection Act, P.R. Laws Ann. tit. 9, §§ 2051-2065, in order to address and adapt to the changing needs of the modern Puerto Rican society without abandoning its core focus of reducing the economic and social impact of traffic accidents on injured persons, their families, and dependents. *Ortiz Morales v. A.C.A.A.*, 16 P.R. Offic. Trans. 474, 477 (1985). The new statute addresses outdated definitions, delineates certain statutory limitations, and, most relevantly to the instant case, outlines ACAA's role and rights with respect to reimbursements by insurers and judicial claims. Specifically, article 7(A)(4) establishes ACAA's subrogation rights:

> The Administration shall have the authority to be subrogated to the rights of an injured person or that person's beneficiaries to file a legal claim for damages against third parties **in cases where the Administration, pursuant to the terms of this Act, is obligated to compensate them in any manner**.

(Emphasis added) (Translation Ours). ACAA's subrogation rights, as outlined in article 7(A)(4), essentially mirror those afforded to the State Insurance Fund ("CFSE" for its Spanish acronym) through the Workmen's Accident Compensation Act, P.R. Laws Ann. tit. 11, § 32. There, the legislative intent in granting subrogation rights to CFSE was to not allow the worker "to recover twice for the same injury" or "to exempt third parties." *Alvarado v. Calaino Romero*, 4 P.R. Offic. Trans. 178, 184 (1975) (citing *Sanstad v. Ind. Acc. Com.*, 339 P.2d 943 (Cal. 1959)). The main purpose for affording subrogation rights to CSFE, as is the case of ACAA, is "to reimburse to the insurer what has been paid, which in turn reduces the premiums, and allows the injured person to obtain any sum recovered against the third party in excess of what has been paid by the insurer [...]." *Alvarado*, 4

P.R. Offic. Trans. at 185. Allowing the ACAA to pursue a separate claim against a third-party tortfeasor in benefit of the injured person is aligned with the statutory scheme throughout Law No. 111-2020, where the injured person remains the beneficiary.

Here, MAPFRE points to specific provisions of the statute to argue that the injured person is limited to bringing suit only after ACAA has exercised its subrogation rights. Article 7(A)(4)(c) sets forth an injured person's limitation on bringing suit prior to ACAA's decision becoming final and enforceable:

> Neither the injured person nor their beneficiaries may file a lawsuit or settle any cause of action they may have against the third party responsible for the damages until ninety (90) days have elapsed from the date on which the Administration's decision becomes final and enforceable.

(Translation Ours). As such, in instances where ACAA is in a position to *decide*, that is, when a claim for benefits has been, in fact, submitted before the agency, the injured person is limited to file suit once the 90-day period has elapsed. Moreover, although article 7(A)(4)(c) precludes the injured person from filing suit before the expiration of the 90-day period, the Supreme Court of Puerto Rico has construed this requirement with enough flexibility to prevent dismissal on prematurity grounds. In *Diaz Hernandez v. Mapfre Praico*, 2024 WL 2249379 (May 3, 2024), the Supreme Court of Puerto Rico addressed a similar controversy to the one presented by MAPFRE in the instant case, with the significant difference that the injured person had, in fact, received ACAA benefits, in stark contrast to the present case where no administrative claim was

submitted by Plaintiff.[2]  There, the *Diaz Hernandez* court declined to rule that dismissal was appropriate when the injured person's judicial claim was prematurely file because the 90-day period for ACAA to file its subrogation action had not expired.

Plaintiff was not required to file a claim before the ACAA. In fact, no injured person is. The benefits provided by Law No. 111-2020 cannot be interpreted as mandatory and the statute does not bind an injured person to present a claim before the ACAA prior to filing suit against the insurer of the third-party tortfeasor. MAPFRE has not cited any authority to the contrary. What's more, Plaintiff never filed a claim before ACAA for benefits under Law 111-2020 because, as the record shows, she was ineligible to receive them as she is not a resident of Puerto Rico. (Docket Nos. 20-1 and 20-2).[3] Thus, to assert that Plaintiff had to submit a claim for benefits to the ACAA, wait until a decision was issued with respect to benefits, hold out for an additional ninety (90) days, and then present her judicial claim in order for this Court to acquired subject-matter

---

[2]    In *Diaz Hernandez v. Mapfre Praico*, the plaintiffs sued MAPFRE and other defendants for damages arising from an automobile accident. Since the plaintiffs had received medical benefits from the ACAA, the trial court held that the suit had been filed prematurely because the 90-day period during which ACAA could exercise its subrogation rights had not expired. The Puerto Rico Court of First Instance dismissed the complaint without prejudice, and the court of appeals affirmed. The Supreme Court of Puerto Rico reversed. It held that although ACAA has a statutory right to subrogate itself to the injured person's claim against a third-party tortfeasor for the benefits it has paid, the complaint filed by the injured person is not null or premature if filed before the 90-day period has run. Dismissal would be appropriate only if the ACAA timely filed its own subrogation action and therein sought annulment of the prematurely filed complaint. In so holding, the *Diaz Hernandez* Court compared Law No. 111-2020's provisions on ACAA's subrogation rights with the provisions afforded to the State Insurance Fund ("CFSE" for its Spanish acronym) through the Workmen's Accident Compensation Act, P.R. Laws Ann. tit. 11 § 32, and concluded that the filing of a separate action by the injured person is not automatically premature if filed prior to the 90-day period.

[3]    A certification from ACCA attached to Plaintiff's opposition shows that injured persons are eligible for coverage under Law 111-2020 for benefits and services that are available in Puerto Rico, and that these services "shall be provided only in Puerto Rico." (Docket No. 20-1).

jurisdiction, is not only inapposite to Law No. 111-2020's purposes, but is also contrary to the doctrinal frameworks of diversity jurisdiction.

I find that Law No. 111-2020 imposes no such exhaustion requirements upon Plaintiff making the instant claim either premature or non-cognizable for lack of subject matter jurisdiction. ACAA's subrogation rights under Law No. 111-2020 cannot be construed to impose additional obstacles or requirements that would hinder the injured person's ability to seek and obtain redress in federal court for damages allegedly sustained in a motor vehicle accident. Rather, ACAA's subrogation provisions apply to any actions commenced by ACAA, seeking reimbursements on behalf of the injured person, where such expenses are covered under an applicable insurance policy issued in favor of the third-party tortfeasor, *and which were disbursed or granted by ACAA in any way.* To adopt MAPFRE's position that article 7 of Law No. 111-2020 "expressly prevent[s] an injured party from filing a claim before the term that the agency has to subrogate itself expires" (Docket No. 12), would be to rule against the very purpose of the statute: "[t]he social protection character of the statute supports any reasonable and equitable interpretation which may favor the beneficiary." *Ortiz Morales*, 16 P.R. Offic. Trans. at 478. And again, MAPFRE has not cited any authority standing for the proposition that subject matter jurisdiction is lacking because a diverse Plaintiff in federal court, failed to avail herself of Law No. 111-2020's remedies.

### B. Improper Venue

As to venue, I will refrain from discussing in-depth MAPFRE's cursory mention of improper venue under Fed. R. Civ. P. 12(b)(3) as the argument was not sufficiently

10

developed in the motion to dismiss. As such, the argument has been waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). In any event, even if not waived, the argument fails on the merits. "A civil action may be brought in [...] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred [...]." 28 U.S.C. § 1391(b)(2). "Objections to venue typically stem from a failure to adhere to the requirements specified in the general venue statute, Section 1391 of Title 28 of the United States Code, or some other statutory venue provision." Wright & Miller, Fed. Prac. & Proc. Civ. § 1352 (4th ed.). In this case, Plaintiff's claim for compensation under article 1538 of the Puerto Rico Civil Code, Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 10803stems from operative facts that took place within the judicial district of Puerto Rico: the alleged damages resulted from a motor vehicle collision that occurred on State Road #17 in San Juan, Puerto Rico. (Docket No. 12, ¶5.2). Thus, an objection to this Court's exercise of its jurisdiction due to improper venue is unfounded since the requirements for the general venue statute are met, and no other statutory venue provisions apply to the facts of this case.

### IV. CONCLUSION

In view of the foregoing, MAPFRE's motion to dismiss at Docket No. 12 is DENIED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 8th day of June 2026.

s/Héctor L. Ramos-Vega
United States Magistrate Judge

11